Jesse FOXWORTH *v.* STATE of Arkansas

CR 78-20                              566 S.W. 2d 151

Opinion delivered May 30, 1978
(Division I)

550

*Q. Byrum Hurst, Jr.* and *Nanette B. Sullins,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joseph H. Purvis,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. Foxworth appeals from convictions upon two counts charging possession and delivery (by sale) of heroin. The jury fixed the sentences at five years each, which were ordered by the judgment to run consecutively. The several contentions for reversal disclose no prejudicial error.

There was no denial of a speedy trial. The case was set for trial well within the time allowed by Rule 28 of the Rules of Criminal Procedure. A few days before the scheduled trial Foxworth assaulted his counsel, which led them to ask for permission to withdraw. The court's action in ordering a continuance to allow Foxworth to obtain other counsel was certainly a delay "for good cause" within Rule 28.3 (h).

No evidence was offered to show either that the amount of bail was excessive or that the defendant's confinement without bail deprived him of the effective assistance of counsel.

The State's proof was to the effect that on both the occasions that were involved an undercover agent of the police telephoned Foxworth and arranged for the purchase of heroin at a specified washateria. On the first occasion Foxworth and Janelle Hamilton drove up to the washateria together, and Ms. Hamilton made the actual sale. On the second occasion only Ms. Hamilton came to the washateria and made the sale. It is immaterial that Foxworth did not take part in the actual sales, for the jury could readily infer that he and Ms. Hamilton were acting together. Her statements in the course of the transactions were admissible as being statements of a co-conspirator. Rule 801 (d) (2) (v) of the Uniform Rules of Evidence, Ark. Stat. Ann. § 28-1001 (Supp. 1977); *Bosnick* v. *State*, 248 Ark. 846, 454 S.W. 2d 311 (1970).

Upon a related evidentiary point the trial court is not shown to have been in error in admitting a tape recording of the conversation in which the undercover agent made arrangements with Foxworth for the second purchase of heroin. It is argued that the agent was incapable of consenting to the taping of the conversation, because he urgently wanted a "fix" of heroin, and that the agent was not sufficiently shown to be able to recognize Foxworth's voice on the telephone. Both arguments relate to preliminary questions of fact about the admissibility of the evidence. Such questions are to be determined by the trial judge, under Uniform Evidence Rule 104. We cannot say that the trial judge abused his discretion in admitting the tape recording.

There is no merit in the argument that the testimony of the undercover agent and of another witness for the State was inadmissible because they had been promised a measure of immunity in return for their testimony. Such a matter goes to the weight of a witness's testimony, not to its admissibility. *Zachry* v. *State*, 260 Ark. 97, 538 S.W. 2d 25 (1976).

Finally, it is not shown that Foxworth received an especially heavy sentence merely because he is black. Although two white witnesses who testified for the State received lighter sentences, they entered negotiated pleas of guilty and were

sentenced by the trial judge. Foxworth elected to plead not guilty and was sentenced by the jury. Those differences in the surrounding circumstances are abundantly sufficient to explain the differences in the sentences. For that matter, no explanation of the differences is required, for the jury were free to impose whatever sentence they thought to be just. Apart from the bare fact that Foxworth is black and the other two defendants are white, there is not the slightest basis in the proof for supposing that color had any bearing upon the comparative severity of the sentences.

Affirmed.

We agree: HARRIS, C.J., and FOGLEMAN and HOLT, JJ.