Ernest Lee JACKSON *v*. STATE of Arkansas

CA CR 79-86                                     591 S.W. 2d 685

Opinion delivered December 12, 1979
Released for publication January 9, 1980

*John W. Achor,* Public Defender, by: *William H. Patterson, Jr.,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Neal Kirkpatrick,* Asst. Atty. Gen., for appellee.

M. Steele Hays, Judge. Appellant was charged by felony information with robbery and theft of property. On May 25, 1979, he was tried without a jury and convicted on both counts. He received a thirty year sentence on the charge of robbery and fifteen years on the charge of theft of property. He now brings this appeal.

Appellant first contends that the trial court erred in allowing certain testimony of the State's chief witness, Ms. Lillian Counts, on the basis that it was inadmissible as hearsay testimony. Specifically, he alleges that Ms. Counts's testimony concerning an unidentified woman who entered the store while the robbery was in progress was inadmissible for the reason that there was no evidence in the record that related the woman to the robbery. Defense counsel objected to this testimony. The prosecutor attempted to show that the evidence implicated the unidentified woman as a coconspirator and was therefore admissible under Rule 801 (d) (2) (v) of the Uniform Rules of Evidence. The trial court allowed the statement as a present sense impression which is an exception to the hearsay rule under Rule 803 (1) of the Uniform Rules of Evidence.

We believe that the evidence could have been allowed under either rule. It has been held that an accomplice's statements made during the alleged crime are admissible as statements of a coconspirator. *Foxworth* v. *State,* 263 Ark. 549, 566 S.W. 2d 151 (1978); Ark. Stat. Ann. § 28-1001, Rule 801 (2) (Repl. 1979). The proof of such conspiracy is a question which the court must decide from the facts of each case, and, if the evidence is sufficient, then all the acts and declarations of each conspirator made during the progress of the crime are admissible against a coconspirator. *Caton & Headley* v. *State,* 252 Ark. 420, 479 S.W. 2d 537 (1972); *Cantrell* v. *State,* 117 Ark. 233, 174 S.W. 521 (1915). In this case, the evidence strongly implicated the unidentified

woman as a coconspirator. Ms. Counts stated that she came in while the robbery was in progress, reached over the counter while the robber was tying Ms. Counts's hands, and took the money out of the cash register. We believe that this was *prima facie* evidence of the existence of a conspiracy and therefore hold that the trial judge properly overruled appellant's objection.

Appellant's second point is that the evidence at trial was insufficient to support appellant's conviction. Appellant alleges that the credibility of the witness is questionable due to the short time which she had to observe the robber and her testimony which stated that her assailant did not have a beard when, in fact, the appellant had a goatee at the time of the alleged incident. Hence, the appellant states that her positive identification of him as the robber is contradictory since the appellant did have a short beard at the time of the robbery. However, this question clearly addresses itself to the accuracy of identification of the defendant and the credibility of the witness which is solely within the province of the trier of fact. *Gray* v. *State,* 252 Ark. 404, 479 S.W. 2d 560 (1972); *Smith* v. *State,* 258 Ark. 601, 528 S.W. 2d 389 (1975). Hence, the trial judge's decision is, accordingly, affirmed.