James Leo BATES *v.* STATE of Arkansas

CR 80-205                                    610 S.W. 2d 257
Supreme Court of Arkansas
Opinion delivered January 19, 1981

*E. Alvin Schay*, State Appellate Defender, by: *Deborah Davies Cross*, Deputy Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *C. R. McNair, III*, Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. James Leo Bates, charged as an habitual criminal with the offense of rape and burglary, was found guilty by a jury and sentenced to life imprisonment and a $15,000 fine for the rape and 30 years and a $15,000 fine for the burglary. We find no merit in the only point for reversal that is argued, nor any other error in the record.

The point for reversal relates to the admission into evidence of a statement made by the prosecutrix to the police. The statement was first mentioned by defense counsel, who cross-examined the prosecutrix about that statement and about another statement made to defense counsel. On redirect examination the prosecuting attorney sought to introduce both statements, on the ground that the admission into evidence of part of each statement made the entire statements admissible. Defense counsel at first objected to the use of either statement, but he withdrew his objection to the statement to the police, saying: "If they want to read their statement into the record, that's fine. I anticipated they would anyhow." The objection having been withdrawn, the case stands as if no objection was made. Hence no reversible

error is shown, for an objection is necessary even when the sentence is life imprisonment. *Wicks* v. *State*, 270 Ark. 781, 606 S.W. 2d 366 (1980); *Giles* v. *State*, 261 Ark. 413, 549 S.W. 2d 479 (1977), cert. den. 434 U.S. 984 (1977).

The State concedes that the appellant is entitled to credit for 173 days of pretrial jail time; so the judgment is modified and the cause remanded for the entry of that credit. *Carey* v. *State*, 268 Ark. 392, 596 S.W. 2d 688 (1980).

Affirmed as modified and remanded.