Mark WALKER *v.* STATE of Arkansas

CR 85-131                                        696 S.W.2d 500

Supreme Court of Arkansas
Opinion delivered September 30, 1985

*Williams Law Firm*, by: *Lynn Williams.*

*Steve Clark*, Att'y Gen., by: *Mary Beth Sudduth*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The only point raised on appeal of this criminal conviction is insufficiency of the evidence. We hold the evidence was sufficient to support the appellant's conviction of aggravated robbery, and thus we affirm.

Mary Dodd Jackson and Betty Sizemore testified they were attacked and robbed as they were leaving a Mini Mart Food Shop of which Ms. Jackson was part owner and at which Ms. Sizemore was employed. Shortly after the attack, two men were appre-

hended by the police. In the car with the men were the two women's purses and a weapon, referred to both as "nunchaku" and "numb chucks," consisting of two hard handles connected by a chain. Ms. Sizemore identified the two men at the scene as the men who had attacked her and Ms. Jackson. Ms. Jackson identified the appellant at the trial as the person who had struck her repeatedly with the numb chucks ultimately requiring thirty-four stitches to close wounds to her head. Ms. Sizemore also identified the appellant at the trial as one of the attackers.

■ The appellant argues the evidence was insufficient because Ms. Sizemore was asked on cross-examination to describe the attacker of Ms. Jackson, and she said he was clean shaven whereas a photograph taken the night of the attack showed the appellant to have had a moustache. He also argues that Ms. Jackson could not describe the appellant's features when asked to do so at the trial although she positively identified him as her attacker. The credibility of the identification testimony was for the jury to decide. *Brown* v. *State*, 278 Ark. 604, 648 S.W.2d 67 (1983); *Gray* v. *State*, 252 Ark. 404, 479 S.W.2d 560 (1972).

■ The only cases cited by the appellant are *Warren* v. *State*, 261 Ark. 173, 547 S.W.2d 392 (1977); and *Inklebarger* v. *State*, 252 Ark. 953, 481 S.W.2d 750 (1972). In both of those cases we found evidence to support the convictions was sufficient; in neither of them was the evidence of guilt as strong as it is here. The appellant makes other arguments similar to those described above, and we need not detail them here. It is enough to say the evidence of the appellant's guilt was not only sufficient, it was overwhelming.

Affirmed.

PURTLE, J., not participating.