Charles James ROBINSON *v.* STATE of Arkansas

CR 87-98                                    737 S.W.2d 150

Supreme Court of Arkansas
Opinion delivered October 5, 1987

*William R. Simpson, Jr.*, Public Defender, *Deborah R. Sallings*, Deputy Public Defender, by: *Steff Padilla*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Blake Hendrix*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. The appellant, Charles

James Robinson, was convicted of rape and aggravated robbery. Robinson was sentenced as a habitual offender to two consecutive life terms. On appeal, Robinson argues his due process rights were violated by the admission of an in-court identification because the pre-trial procedures were suggestive and a mistrial should have been declared due to the prosecutor's comments during closing argument. We find both of these arguments meritless and affirm.

In three separate trials, Robinson was convicted of rape, aggravated robbery, and in one trial, an additional charge of theft. These convictions, which arose from three separate incidents, involving three different victims, are the subject matter of separate appeals before this court. We affirmed one appeal in *Robinson* v. *State*, 293 Ark. 51, 732 S.W.2d 159 (1987). We are now reviewing the second appeal.

On January 8, 1986, Robinson went to a Little Rock book store and browsed for about 10 minutes. He approached the counter and asked the owner/manager about a specific book. When she bent over to look it up, Robinson grabbed her from behind, put his hand over her mouth and what seemed to be a gun to her back. He took her into the back room and raped her. Robinson then hog-tied her and took money from her wallet and out of the cash register.

The victim was called to the police station on March 2, 1986, where she was placed in a room with 10 to 12 other people for a brief period while waiting to view a lineup. Upon viewing the lineup, she identified Robinson as her attacker. Robinson argues that the pre-trial identification procedure was suggestive because the victim may have heard a statement by another victim that "He's there", and thus, the in-court identification of Robinson was tainted. The trial court denied Robinson's motion to suppress.

In claiming that the identification was tainted, the appellant, in his brief, states:

> "On March 2, 1986, over two months after the incident, (the victim) and some 10 to 12 people were sitting in a single room when one of the women returned and stated, 'He's there'."

Robinson believes the victim may have overheard the statement.

This statement is misleading and without factual basis inasmuch as it does not appear in the record. To the contrary, the victim testified the people waiting to view the lineup did not discuss why they were called to the police station, and their conversation was limited to the wait. The victim was the first person called to view the lineup. She stated thereafter she did not have any discussions with anyone; rather, she went directly to the detectives division, signed her statement and left.

The factors we consider in measuring the reliability of the in-court identification are the opportunity of the identifying witness to observe the accused at the time of the criminal act, the lapse of time between the occurrence and the identification, any inconsistencies in the description given by the witness, whether there was a prior misidentification, the facts surrounding the identification, and all matters relating to the identification process. *Frensley* v. *State*, 291 Ark. 268, 724 S.W.2d 165 (1987); *Kellensworth* v. *State*, 278 Ark. 261, 644 S.W.2d 933 (1983).

The victim testified she observed Robinson browsing in the book store for about 10 minutes prior to the attack. She got a good look at him because he was the only person in the store and there was nothing obstructing her view. She testified the entire episode lasted for about 45 minutes. A six member lineup was conducted about two months after the attack. The victim viewed the members for about four minutes asking them to turn to each side and raise their right hands. At that time, she identified Robinson as her assailant. Later she testified she had no doubt Robinson was her assailant.

As his second point for appeal, Robinson argues the trial court should have granted his motion for mistrial during the prosecutor's closing argument. The prosecuting attorney stated the description given by the victim fit Robinson "to the tee." Robinson's motion for a mistrial was denied. Robinson argues the motion should have been granted because the statement called the jury's attention to Robinson's refusal to testify. A comment about the accused's silence is presumed prejudicial and a mistrial is the proper remedy. *Pruett* v. *State*, 282 Ark. 304, 669 S.W.2d 186 (1984); *Adams* v. *State*, 263 Ark. 536, 566 S.W.2d 387 (1978). Our law provides the failure of a defendant to testify shall

not create any presumptions against him. Ark. Stat. Ann. § 43-2016 (Repl. 1977). A prosecuting attorney should carefully refrain from using any words or gestures which would be calculated to call a jury's attention to the fact that a defendant has not testified. *Evans* v. *State*, 221 Ark. 793, 255 S.W.2d 967 (1953). In no way can the prosecutor's remarks in this case regarding the victim's description of Robinson be calculated to call the jury's attention to the fact that Robinson had not testified. Accordingly, there was no basis for Robinson's motion for mistrial.

As required by Ark. Sup. Ct. R. 11(f), we have reviewed all abstracted rulings adverse to Robinson as well as the points raised on appeal. We find no error.

Affirmed.