Julius SPIVEY *v.* STATE of Arkansas

CR 89-26                                    773 S.W.2d 446

Supreme Court of Arkansas
Opinion delivered July 3, 1989

414

*Appellant*, pro se.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

PER CURIAM. The petitioner Julius Edward Spivey was convicted of two counts of theft of property and sentenced as a habitual offender to twenty-five years imprisonment on each count. He then petitioned the trial court for reduction of sentence under Ark. Stat. Ann. § 43-2314 (Supp. 1985), now codified at Ark. Code Ann. § 16-90-111 (Supp. 1987). The trial court denied the petition, and the Court of Appeals affirmed both the original conviction and the order denying the petition. *Spivey* v. *State*, 25 Ark. App. 269, 757 S.W.2d 186 (1988). He now seeks post-conviction relief pursuant to Criminal Procedure Rule 37.

■ The petitioner first argues that he is entitled to have the convictions dismissed because his attorney did not file a motion to have the charges dismissed for failure to afford him a speedy trial. We have held that the failure of an attorney to raise a meritorious claim that the defendant was denied a speedy trial constitutes ineffective assistance of counsel. *Hall* v. *State*, 281 Ark. 282, 663 S.W.2d 926 (1984).

■ Petitioner was charged by felony information on October 15, 1985, but not tried until April 29, 1987. Arkansas Rules of Criminal Procedure 28.1(c) provides:

> Any defendant charged with an offense in circuit court and held to bail, or otherwise lawfully set at liberty, including release from incarceration pursuant to subsection (a) hereof, shall be entitled to have the charge dismissed with

an absolute bar to prosecution if not brought to trial within eighteen (18) months from the time provided in Rule 28.2, excluding only such periods of necessary delay as are authorized in Rule 28.3.

The date the charge was filed begins the time period for a speedy trial. Arkansas Rules of Criminal Procedure 28.2(a); *Allen* v. *State,* 294 Ark. 209, 742 S.W.2d 886 (1988). The petitioner here was not tried until fifteen days after the eighteen-month period expired. Therfore, he was denied a speedy trial, unless there was some excludable period of time under Criminal Procedure Rule 28.3(a).

■ The issue of whether petitioner was afforded a speedy trial was not raised at trial or in the petition to reduce sentence filed after trial, and the record is silent as to whether the delay was legally justified. Contained in the record is a fugitive warrant issued on October 15, 1985, the day the charges were filed, and a document showing that the warrant was not served until December 2, 1986, when petitioner was arrested. It is likely that petitioner's fugitive status was the reason for the delay, which would constitute an excludable period under Rule 28.3(a), but the petitioner asserts that he was incarcerated in November of 1986 and at that time he asked the prosecutor to schedule the trial. The state may have had good reason to delay bringing petitioner to trial, but the failure of the record to specifically set out those reasons makes it necessary to grant petitioner permission to apply to the trial court for an evidentiary hearing limited to the issue of whether counsel could have made a successful motion to dismiss the charges for failure to hold trial within the time limits set by Rule 28.

■ Petitioner also raises additional claims of ineffective assistance of counsel, none of which is supported by facts from which is can be concluded that the representation of counsel fell below the standard set by the United States Supreme Court and this court for conduct by counsel in a criminal case. To prevail on a claim of ineffective assistance of counsel, the petitioner must show first that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the sixth amendment. Second, the petitioner must show that the

deficient performance prejudiced the defense, which requires showing that counsel's errors were so serious as to deprive the petitioner of a fair trial. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The petitioner must show there is a reasonable probability that, but for counsel's errors, the factfinder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. In making a determination on a claim of ineffectiveness, the totality of the evidence before the judge or jury must be considered. *Strickland* v. *Washington*, 466 U.S. 668 (1984).

Petitioner alleges that his attorney was remiss in not arranging to have him arraigned without unnecessary delay after arrest. Even if petitioner was not taken before a judicial officer in accordance with Arkansas Rules of Criminal Procedure Rule 8.1, however, the failure to comply with the rule does not dictate a dismissal of the charges, since a remedy for violation of Rule 8.1 is suppression of evidence obtained. *Smith* v. *State*, 296 Ark. 451, 757 S.W.2d 554 (1988). Petitioner does not allege that any evidence was obtained as a result of the failure to comply with Rule 8.1.

Petitioner next contends that his attorney failed to have an accurate record of the trial court proceedings prepared for the purposes of appeal. He states that objections were left out and that names and testimony appear in the wrong places. He concedes that he filed a *pro se* motion in the Court of Appeals which covered essentially the same ground contained in the allegation before us. He also notes that his trial attorney filed a similar motion in the trial court, the disposition of which is unclear. The Court of Appeals denied the *pro se* motion to supplement, and it appears that petitioner may be asking this court to countermand the Court of Appeals' decision to deny the *pro se* motion to supplement; if so, Rule 37 does not provide a means to relitigate a matter decided on appeal. *Swindler* v. *State*, 272 Ark. 340, 617 S.W.2d 1 (1981). Even if the allegation were considered a simple allegation of ineffective assistance of appel-

late counsel, petitioner would still be entitled to no relief under Rule 37 because he has failed entirely to demonstrate that he was prejudiced by any particular omission or error in the record. A claim that prejudice was suffered without any factual explanation about what form the prejudice took or how serious it was is not enough to prove ineffective assistance of counsel. Conclusory allegations which are not supported by a showing of actual prejudice so serious as to deprive the petitioner of a fair trial or a fair appellate proceeding do not warrant an evidentiary hearing. *Neff* v. *State*, 287 Ark. 88, 696 S.W.2d 736 (1985).

Petitioner makes the vague allegation that counsel was ineffective for failing to dispose of some charges pending against him in Oklahoma. As the Oklahoma charges do not appear to have any connection with the convictions obtained in this case, petitioner has not made a showing of prejudice arising out of any action or inaction by counsel.

Petitioner's final allegation concerns the victim's testimony against him. He contends in essence that counsel should have moved to suppress their identification of him. From a review of the testimony of the witnesses, we do not find that petitioner has presented facts from which it may be concluded that the failure of counsel to move to suppress the testimony of the witness undermined the proper functioning of the adversarial process such that the trial cannot be relied on as having produced a just result.

Three witnesses identified petitioner at trial. The first was Ronald Kendrick who testified that petitioner came to his home at 10:00 a.m. and inquired about a car Kendrick had for sale in his yard. The two talked for two hours before agreeing on a price. Kendrick said that petitioner gave him a check which later proved to be no good and left with the car which was never recovered. Kendrick later picked petitioner from a photo lineup, which he testified was conducted without coaching from the police. He also subsequently identified petitioner at trial.

The next witness was Dennis Barton who told a story similar to Kendrick's of being approached by petitioner about a truck he had for sale. He testified that petitioner arrived about noon and discussed the truck sale for approximately thirty minutes. He returned later that day and spoke with Patty Barton, Dennis' wife, who testified that she talked with petitioner on her front

porch for several minutes during which time she got a good look at him. Petitioner returned to the Barton home the next morning and sat in the house with Dennis while he wrote a check to pay for the truck. The check to the Bartons also proved worthless. Dennis picked petitioner from a photo lineup and identified him at trial, but Patty could only narrow her choice to two of the pictures in the photospread, petitioner and another man. After several minutes of indecision, she chose the other man. At trial, however she was confident that petitioner was the thief.

The factors to be considered in measuring the reliability of in-court identification are the opportunity of the identifying witness to observe the accused at the time of the criminal act, the lapse of time between the occurrence and the identification, any inconsistencies in the description given by the witness, whether there was prior misidentification, the facts surrounding the identification, and all other matters relating to the identification process. *Robinson* v. *State*, 293 Ark. 228, 737 S.W.2d 150 (1987). There is no doubt that Dennis Barton and Ronald Kendrick had ample opportunity to view the man during daylight hours for an extended period of time. In fact, victims of crime rarely are afforded such a lengthy visit with the perpetrator. Both gave reasonably accurate descriptions of the person which matched petitioner's description and both were able to make identifications from the photospread and in court. Patty Barton, who spent less time with the man, did not identify the petitioner from his photograph but was able to do so at trial. Petitioner presents no facts from which it may be concluded that there was any good reason to find their in-court identification unreliable. Petitioner also suggests that he was entitled to have a choice of suspects appear at his trial for the witnesses to choose from when making their in-court identification. He offers no authority for the proposition that the accused has a right to an in-court lineup, and we know of none. He has not shown that he was denied a fair trial by counsel's failure to move to suppress the identification testimony.

Finally, petitioner makes several allegations concerning the discrepancy between the victims' descriptions of him and his true appearance and other similar challenges which appear to be attacks on the sufficiency of the evidence. The question of the sufficiency of the evidence is not cognizable under Rule 37. *See*

*McCroskey* v. *State,* 278 Ark. 156, 644 S.W.2d 271 (1983).

Petition granted in part and denied in part.