Eddie DIXON, Jr. *v.* STATE of Arkansas

CR 92-165                                    839 S.W.2d 173

Supreme Court of Arkansas
Opinion delivered September 28, 1992

462

*Wayne Emmons*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Eddie Dixon and Tony Evans were charged as principals or in complicity with each other with two counts of delivery of a controlled substance - cocaine. Dixon's motion to sever was granted and he was tried separately from Evans. The state's evidence consisted essentially of the following:

On February 9, 1991, undercover officers Darryl Scrivens and Bobby Allison drove to a certain location in Blytheville. Allison was wearing a concealed microphone. Tony Evans approached the vehicle and sold one rock of crack cocaine to the officers. They asked to buy a larger quantity of cocaine and Evans said he would have to get someone else to provide a larger amount. He left to contact his supplier. Moments later, a white Chevy Blazer arrived at the scene and parked some distance from the undercover officers. The Blazer had one occupant in addition to the driver. The officers watched as Evans went to the passenger side of the car, obtained a plastic bag containing fifteen rocks of cocaine and brought it to the undercover officers. They gave $250

to Evans which he took to the person in the Blazer, allegedly appellant, who then left the area.

Officer Darryl Scrivens testified that he had previously seen the passenger in the Blazer and had a photograph of him which had been provided to him at the start of the operation. Scrivens stated that he went back to his meeting area and picked out the picture of the appellant as the person that had provided the cocaine for the transaction.

A jury trial was held on September 25 and 26, 1991. The jury found Dixon guilty of one count of delivery of a controlled substance, cocaine, and imposed a fine of $25,000 and a life sentence in the Arkansas Department of Correction. Dixon appeals from the judgment of conviction asserting six points for reversal. Finding no error, we affirm the judgment entered pursuant to the verdict.

I

## THE TRIAL COURT ERRED IN PERMITTING THE CO-CONSPIRATOR'S STATEMENTS TO BE ADMITTED INTO EVIDENCE.

Appellant contends initially that the trial court erred in permitting the statements of the co-conspirator to be admitted into evidence. Prior to trial, appellant moved to suppress the statements which accomplice Tony Evans made to the under-cover officers and which were recorded on the microphone worn by Allison. Appellant contends the statements, which implicated Eddie Dixon, were hearsay and were not statements of a co-conspirator in that they were not made during the course of and in furtherance of a conspiracy. After opening statements, the trial court ruled that it would conditionally admit the statements of the co-conspirator and at the close of the state's case as well as at the close of the evidence, would consider whether prima facie evidence of a conspiracy had been presented.

During the testimony of Darryl Scrivens, the state asked whether Evans had mentioned a name when he was asked about the purchase of an 8-ball of cocaine. Appellant objected on lack of proof of a conspiracy. The court overruled the objection and permitted the question to be answered conditionally upon the state later proving the conspiracy independent of the testimony.

A tape recording of the conversation between Scrivens and Evans was played for the jury. The actual tape is in the record, but it was not transcribed or abstracted. Officer Scrivens did state part of the conversation with Evans during his testimony. Scrivens testified that Evans had said "Eddie has the best thing going." and that, "Eddie didn't have powder." Evans also said that Eddie was "legit". After the appellant made a motion for a directed verdict at the close of the state's case, the court made a finding that sufficient evidence existed to make a fact issue for the jury on the existence of a conspiracy independent of the conspiratorial statements made by Evans.

First, appellant contends that the trial court erred in not making a definitive ruling regarding the admissibility of the co-conspirator's statements. The appellant relies on *United States* v. *Offutt*, 736 F.2d 1199, 1200 (8th Cir. 1984) in which the Eighth Circuit stated that a trial court may conditionally admit a statement of an alleged co-conspirator and the government must then prove by a preponderance of the independent evidence that the statement was made by a co-conspirator during the course of and in furtherance of the conspiracy. Further, at the close of all the evidence, the district court should make an explicit finding for the record regarding the admissibility of the statement. But in *Offutt*, the government was charging an express conspiracy by a number of individuals to import drugs into Arkansas from Florida over a period of days. Here, the entire enterprise required only a matter of minutes and, except for the telephone call, occurred in its entirety in plain view of the undercover officers. In that context the trial court was fully justified in concluding that there was sufficient proof that Evans and Dixon were acting in concert. Under our cases the sufficiency of the evidence of a conspiracy so as to permit the statements of a co-conspirator is ordinarily decided by the trial court. *Jackson* v. *State*, 267 Ark. 891, 591 S.W.2d 685 (1980); *Foxworth* v. *State*, 263 Ark. 549, 566 S.W.2d 151 (1978); *Caton & Headley* v. *State*, 252 Ark. 420, 479 S.W.2d 537 (1972); *Bosnick* v. *State*, 248 Ark. 846, 454 S.W.2d 311 (1970). However, no prejudice resulted in the submission of that issue to the jury. *Easter* v. *State*, 306 Ark. 615, 816 S.W.2d 615 (1991); *Berna* v. *State*, 282 Ark. 563, 670 S.W.2d 434 (1984), *cert. denied*, 470 U.S. 1085 (1985).

Appellant also contends that the co-conspirator's statements

were inadmissible in that they were not made in the furtherance of a conspiracy. He argues that the taped statement of Tony Evans might possibly show a delivery or sale of cocaine but did not show that a conspiracy existed.

■ Ark. R. Evid. 801(d)(2)(v) provides that a statement by a co-conspirator of a party during the course of and in furtherance of the conspiracy is not hearsay. *See also Foxworth v. State*, 263 Ark. 549, 566 S.W.2d 151 (1978); *Lopez v. State*, 29 Ark. App. 145, 778 S.W.2d 641 (1989); *Mock v. State*, 20 Ark. App. 117, 725 S.W.2d 1 (1987); *Sweat v. State*, 5 Ark. App. 284, 635 S.W.2d 296 (1982).

■ Evans's statements were clearly within the scope of Rule 801. They were made during the course of the criminal conduct, which occurred within a brief interval in time, they were designed to further the specific objective of such conduct, i.e., a purchase by the officers of some fifteen rocks of crack cocaine. Evans was both promoting the product of his confederate and abetting a completion of the sale. The trial court did not err in admitting the statements in evidence.

## II

### THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR A MISTRIAL

Appellant contends the trial court erred in denying his motion for a mistrial prompted by the state's opening statement. The prosecuting attorney remarked that there was a problem with street dealers in Blytheville. Appellant objected and the objection was sustained. Further on, the prosecuting attorney described the area where the officers went as "an open air drug market." Appellant's objection to that remark was also sustained. After defense counsel completed his opening statement, he moved for a mistrial on the ground the state had improperly referred to the statements of the accomplice as well as Blytheville's drug trafficking problems and the open air drug market. The trial court denied the motion for a mistrial and appellant renews the argument on appeal. He insists the statements were prejudicial in that they characterized the appellant as a street dealer and in an open air drug market and even though the objections were sustained, the damage had been done.

■ First, the motion was not timely. Appellant waited until after he had completed his opening statement before requesting a mistrial. In *Dumond* v. *State*, 290 Ark. 595, 721 S.W.2d 663 (1986), this court noted that it was proper to deny a motion for a mistrial when the request was not made at the first opportunity.

■ Second, because both of appellant's objections during the state's opening statement were sustained, he had received all the relief requested at that time. One cannot complain about a favorable ruling granting all relief requested. *Sweat* v. *State*, 307 Ark. 406, 820 S.W.2d 459 (1991); *Parker* v. *State*, 302 Ark. 509, 790 S.W.2d 894 (1990).

■ Further, the prosecutor merely referred to matters which were developed by the evidence during the trial. Where evidence is admissible, a party is entitled to refer to it during opening statement. *Harris* v. *State*, 295 Ark. 456, 748 S.W.2d 666 (1988). Also, a prosecutor is allowed to argue any inference reasonably and legitimately deducible from the evidence. *Floyd* v. *State*, 278 Ark. 86, 643 S.W.2d 555 (1982). At trial, the jury heard evidence of the co-conspirator's statements and the identification of the appellant. The testimony also described various purchases of drugs near the area that this transaction took place. Given this evidence, the jury could have concluded that there was a drug problem in the Blytheville area. We have frequently held that a mistrial is an extreme remedy that should be granted only where an error is so prejudicial that justice cannot be served by a continuation of the trial. *Miller* v. *State*, 309 Ark. 117, 827 S.W.2d 149 (1992); *Smith* v. *State*, 308 Ark. 603, 826 S.W.2d 256 (1992); *Moore* v. *State*, 304 Ark. 257, 801 S.W.2d 638 (1990). The decision whether to grant a new trial is left to the sound discretion of the trial judge and will not be reversed in the absence of an abuse of discretion or manifest prejudice to the complaining party. *King* v. *State*, 298 Ark. 476, 769 S.W.2d 407 (1989). Under the circumstances, the trial court did not abuse its discretion in denying appellant's motion for a mistrial.

## III

### THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S OBJECTION TO OFFICER DARRYL SCRIVENS' IN-COURT IDENTIFICATION OF APPELLANT

Appellant next contends the trial court erred in allowing Officer Scrivens to make an in-court identification of appellant. He argues that the identification was tainted by a prior viewing of photographs and by the statements of the accomplice.

Before trial, Officer Scrivens testified that after he made the cocaine purchase from Tony Evans and appellant on February 9, he went back to a meeting place and shuffled through a stack of pictures that he was given at the beginning of the operation. Scrivens said he picked out the appellant's picture from the stack. The trial court noted for the record there were twenty-seven individuals depicted in the pictures and the pictures were not particularly suggestive. The prosecuting attorney noted that all were rather young in age. Defense counsel agreed and noted his continuing objection to the identification procedure.

At trial, Officer Scrivens testified that he was approximately fifteen to thirty feet from the Chevy Blazer in which appellant was seated during the drug transaction. He noted that a conversational exchange obviously took place between Evans and appellant and that Scrivens received a bag from Evans which Evans had received from appellant. In addition to the several references to Eddie, Scrivens testified that as he was talking into the mike, he described appellant as a light-skinned male with a goatee in his mid-twenties or early thirties. Scrivens said he had seen appellant on at least two or three prior occasions while in the area.

Sergeant Robert Tunson testified that Scrivens had given a description of the passenger in the Blazer and that when all parties returned to their meeting point approximately fifteen minutes later, Scrivens positively identified the passenger as Eddie Dixon. Agent Wade Krieger testified that Officer Scrivens viewed photographs of twenty-seven individuals at the meeting place and had no difficulty identifying the passenger as Eddie Dixon.

 We will not reverse a trial court's ruling on the

admissibility of an in-court identification unless that ruling is clearly erroneous under the totality of the circumstances. *Van Pelt* v. *State*, 306 Ark. 624, 816 S.W.2d 607 (1991). In making that determination, we first look at whether the pretrial identification procedure was unnecessarily suggestive or otherwise constitutionally suspect. *Maulding* v. *State*, 296 Ark. 328, 757 S.W.2d 916 (1988). It is the appellant's burden to show that the pretrial identification procedure was suspect. *Van Pelt* v. *State*, 306 Ark. 624, 816 S.W.2d 607 (1991). Reliability is the linchpin in determining the admissibility of identification testimony. *Bowden* v. *State*, 297 Ark. 160, 761 S.W.2d 148 (1988). The factors in measuring reliability are the opportunity of the identifying witness to observe the accused at the time of the criminal act, the lapse of time between the occurrence and the identification, any inconsistencies in the description given by the witness, whether there was prior misidentification, the facts surrounding the identification, and all other matters relating to the identification process. *Spivey* v. *State*, 299 Ark. 412, 77 S.W.2d 446 (1989); *Robinson* v. *State*, 293 Ark. 228, 737 S.W.2d 150 (1987).

▇▇▇▇▇ On that basis, we conclude the pretrial identification procedure was not unnecessarily suggestive. In fact, the appellant failed to include the photographs at issue in the record. It is well settled that an appellant must bring up a record sufficient to show the trial court was wrong. *Drone* v. *State*, 303 Ark. 607, 798 S.W.2d 434 (1990).

## IV

### THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S OBJECTION TO THE TESTIMONY OF LINDA BURDICK

Fourth, appellant argues the trial court erred in overruling his objection to the testimony of Linda Burdick, a forensic chemist who testified on behalf of the state. Appellant argues that Ms. Burdick did not have the expert knowledge to testify on the subject matter and her testimony was prejudicial.

Ms. Burdick testified regarding her analysis of the controlled substance which was forwarded to her for examination. She testified, without objection, that cocaine was a schedule II

narcotic drug and that there were six schedules of controlled substances. When she was asked to give an example of what a schedule six controlled substance was, appellant objected based on relevancy. His objection was sustained. When Burdick was asked why something was put in schedule II, appellant again objected on the basis of relevancy. The court overruled the objection and permitted her to testify that it was something that had an addictive quality to it.

At trial, appellant objected to the testimony only on the basis of relevancy. Now, on appeal, he contends that Ms. Burdick was not qualified to explain as to why cocaine was classified as a schedule II controlled substance. It is well settled that a party cannot change the grounds for objection on appeal. *Walker* v. *State*, 301 Ark. 218, 783 S.W.2d 44 (1990). *See also Mobbs* v. *State*, 307 Ark. 505, 821 S.W.2d 769 (1991). In order to preserve an issue for appeal, that issue must be stated clearly and specifically. *Parette* v. *State*, 301 Ark. 607, 786 S.W.2d 817 (1990).

## V

## THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR A DIRECTED VERDICT

Appellant moved for a directed verdict at the close of the state's case and rested without putting on any evidence. The motion for a directed verdict was denied. He urges the evidence was not sufficient to support his conviction for delivery of cocaine. Appellant challenges the sufficiency of the evidence on three grounds. First, he contends there was no conspiracy proved between appellant and Evans. Second, he argues there was no reliable identification of appellant as one of the individuals involved in the transaction. Third, he claims there was an insufficient chain of custody regarding the cocaine.

When the sufficiency of the evidence is challenged on appeal, the evidence is reviewed in the light most favorable to the appellee, considering only the evidence that tends to support the verdict of guilt. *Brown* v. *State*, 309 Ark. 503, 832 S.W.2d 477 (1992). Evidence is sufficient to support a conviction if the trier of fact can reach a conclusion without having to resort to speculation or conjecture. *Hooks* v. *State*, 303 Ark. 236, 795 S.W.2d 56

(1990). Substantial evidence is that which is forceful enough to compel reasonable minds to reach a conclusion one way or another. *Williams* v. *State*, 304 Ark. 509, 804 S.W.2d 346 (1991). This court affirms if there is substantial evidence to support a conviction. *Dunlap* v. *State*, 303 Ark. 222, 795 S.W.2d 920 (1992).

Appellant's first argument regarding proof of a conspiracy was addressed under Point I. As stated above, the trial court found that there was sufficient evidence to make a fact issue for the jury on the existence of a conspiracy. The statements made by Tony Evans and the testimony of Darryl Scrivens and the other officers provide sufficient evidence to support the conclusion that the appellant and Evans delivered cocaine to Agent Scrivens and received money in return.

Appellant's second argument regarding the identification of the appellant by Officer Scrivens was addressed in Point III above. Officer Scrivens' description of the pretrial identification procedure did not prove to be suggestive and he was able to positively identify the appellant at trial. This court stated in *Walker* v. *State*, 287 Ark. 76, 696 S.W.2d 500 (1985), that the credibility of the identification testimony was for the jury to decide.

Appellant's third argument concerns the chain of custody of the cocaine. At the conclusion of Linda Burdick's testimony, the state offered into evidence the package of cocaine as State's Exhibit #1. Defense counsel stated he did not mind allowing the exhibit for identification but would like to point out some objections to it later. The trial court received the bag into evidence with the removal of the tag containing other information and the prosecutor's request to hand it to the jury was granted.

The appellant did not make his objection to the chain of custody until he moved for a directed verdict at the close of the state's case. The trial court noted that there was no real question raised as to the chain of evidence or that the crack cocaine delivered to Officer Scrivens was not that analyzed by the Crime Lab as to whether it was one and the same material. Although the trial court agreed to let appellant state his objections at a later time, he should have made the chain of custody argument at the time the exhibit was admitted. Because appellant waited too late

to make his chain of custody argument, that point is not preserved for appellate review. *See Gonzalez* v. *State*, 306 Ark. 1, 811 S.W.2d 760 (1991); *Moore* v. *State*, 303 Ark. 514, 798 S.W.2d 87 (1990).

■ On the merits, the chain of custody with respect to State's Exhibit #1 was sufficiently established. It is only necessary for the trial judge, in his discretion, to be satisfied that the evidence presented is genuine and, in reasonable probability, has not been tampered with. *See Van Pelt* v. *State*, 306 Ark. 624, 816 S.W.2d 607 (1991); *Ross* v. *State*, 300 Ark. 369, 779 S.W.2d 161 (1989).

■ At trial, Scrivens testified that he received a plastic bag from Tony Evans which Evans had retrieved from appellant. He said the bag contained fifteen rocks of crack cocaine. Sergeant Robert Tunson noted that the package had been sent off to the crime lab, but that, as far as he knew, the lab was unable to lift any prints from it. Linda Burdick testified that she received a certified mail package bearing the number 593668973 from the Air Force Office of Special Investigations on February 13. She noted that the plastic bag she received contained fifteen plastic sandwich bag corners and that each of those plastic sandwich bag corners contained a piece of a hard white rock-like substance which tested to be 92% cocaine base. She also noted that the evidence tag attached to it bore her signature. Given this testimony at trial, the trial court did not abuse its discretion in finding that Exhibit #1 was the same cocaine as that delivered by the appellant and allowing the exhibit to be admitted into evidence. Therefore, appellant's motion for a directed verdict was properly denied.

## VI

### THE TRIAL COURT ERRED IN DENYING APPELLANT'S REQUEST TO HAVE THE JURY VIEW APPELLANT SEATED IN A VEHICLE

Finally, appellant contends the trial court erred in denying his request to have the jury view appellant while seated in a vehicle. At the close of the state's case, appellant asked the trial court to permit the jury to view the Chevy Blazer with the appellant seated in the passenger seat to assess the capability of Officer Scrivens to observe the transaction. The state objected.

The court ruled that it would allow the jury to view the vehicle but would not allow a viewing of the vehicle with the appellant seated in it. The defense then withdrew its request.

A request to view a place pertinent to a material fact is a matter within the trial court's discretion and denial of the request is not a ground for reversal absent an abuse of that discretion. *Williams* v. *State*, 289 Ark. 69, 709 S.W.2d 80 (1986); *Orsini* v. *State*, 281 Ark. 348, 665 S.W.2d 245 (1984). Also, it is within the sound discretion of the trial court to grant or refuse permission during trial to either party to conduct an experiment or test in the presence of the jury. *Gonzalez* v. *State*, 301 Ark. 98, 782 S.W.2d 359 (1990).

The trial judge did not abuse his discretion in refusing to allow the appellant to, in essence, reenact the crime scene. It would have been very difficult to recreate the crime scene in a manner that would have placed the jurors in the same position as Officer Scrivens when he identified the appellant. Therefore, the trial court was correct in denying appellant's request.

The record has been examined in accordance with Ark. Sup. Ct. R. 11(f), and it has been determined that there were no rulings adverse to the appellant which constituted prejudicial error.

Affirmed.