Johnny Austin BENTON *v.* STATE of Arkansas

CA CR 92-610                                   850 S.W.2d 36

Court of Appeals of Arkansas
Division I
Opinion delivered March 31, 1993

*Hubert W. Alexander*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

JOHN E. JENNINGS, Chief Judge. Johnny Austin Benton was charged in Lonoke County Circuit Court with theft of property and being an habitual offender. For reversal he argues that the trial court erred in refusing to grant a mistrial and that he was denied the effective assistance of counsel at trial. Because we must reverse and remand for new trial on the first issue, we need not reach the second.

At the beginning of the trial proceedings the court swore in the jury panel and read the information which included the phrase, "[s]aid defendant having previously been convicted of more than one but less than four felonies, or having been found guilty of more than one but less than four felonies. . . ." After reading the information, the trial court conducted a brief preliminary voir dire and then directed the clerk to draw the names of eighteen prospective jurors in preparation for the voir dire of counsel. At this point defense counsel moved for a mistrial on the grounds that it was error for the court to read the portion of the information charging appellant as an habitual offender. The motion was denied.

■ Arkansas Code Annotated section 5-4-502 (1987) establishes a bifurcated procedure when a defendant is charged as an habitual offender. The jury first decides guilt or innocence and, if the defendant is found guilty, the trial court then hears evidence as to prior convictions. The purpose of bifurcation is to protect the defendant from undue prejudice by withholding proof of his prior convictions until the jury has found him guilty. *Heard v. State*, 272 Ark. 140, 612 S.W.2d 312 (1981); *Tatum v. State*,

21 Ark. App. 237, 731 S.W.2d 227 (1987).

■ The State does not contend that it was proper for the trial judge to read the habitual offender portion of the information to the jury panel, but contends primarily that the motion for mistrial was untimely. It is true that as a general rule a motion for mistrial may be denied when the request is not made at the first opportunity to do so. *See Dixon* v. *State*, 310 Ark. 460, 839 S.W.2d 173 (1992). The reason for the rule was expressed in *Dumond* v. *State*, 290 Ark. 595, 721 S.W.2d 663 (1986): "The defendant cannot wait to see the full strength of the State's case before bringing his request to the attention of the trial court."

■ In the case at bar we believe the motion for mistrial was sufficiently timely. Counsel may have waited, simply out of courtesy to the trial court, until the judge finished his brief opening remarks. This is not a situation where the defendant has waited to see how the trial progressed before deciding to move for a mistrial.

■ The State also contends that any error was cured by statements of the trial court, immediately after having read the information, telling the jury that the information was not evidence of guilt and that the defendant is clothed with a presumption of innocence. While it is true, as the State argues, that an admonition may frequently cure error, under the circumstances presented we cannot agree that it did so here.

For the reasons stated, we reverse and remand the case for new trial.

PITTMAN and ROBBINS, JJ., agree.