Anthony MONTS *v.* STATE of Arkansas

CR 92-1338                                    851 S.W.2d 432

Supreme Court of Arkansas
Opinion delivered April 19, 1993

*William R. Simpson, Jr.*, Public Defender, by: *Thomas B. Devine, III*, Deputy Public Defender.

*Winston Bryant*, Att'y Gen., by: *Catherine Templeton*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant was convicted of the crime of rape and then pled guilty to the charges of burglary and criminal attempt to commit rape. He subsequently filed a Rule 37 motion seeking post-conviction relief alleging he received ineffective assistance of counsel. The trial court denied appellant's petition, and appellant now appeals that ruling. Appellant argues that his trial attorney, Bill McArthur, improperly failed to file a timely speedy-trial motion, asking appellant's charges be dismissed. He further claims McArthur obtained trial continuances that appellant never approved. Neither of appellant's arguments

has merit.

■ The short answer to appellant's first argument is that, while Mr. McArthur did not ask that appellant's charges be dismissed on speedy-trial grounds, appellant did file such a motion *pro se*, and the trial court denied his motion. Appellant appealed the trial court's ruling to the court of appeals, and in an unpublished opinion, the appellate court held the appellant had not been deprived of a speedy trial. *Monts* v. *State*, CACR 91-242, opinion delivered on June 17, 1992. Thus, in this Rule 37 proceeding, appellant has shown no prejudice which has resulted from his trial attorney's failure to file a speedy-trial motion. *Knappenberger* v. *State*, 283 Ark. 210, 672 S.W.2d 54 (1984). Appellant raised the speedy-trial issue he now says his attorney failed to raise, and he lost on that issue both at trial and on appeal. Rule 37 does not provide a means to relitigate a matter decided on appeal. *Spivey* v. *State*, 299 Ark. 412, 773 S.W.2d 446 (1989).

■ We also point out that the court of appeals' decision that appellant's speedy-trial claim was without merit lends support to the presumption that Mr. McArthur acted within the bounds of reasonable professional assistance. *Spivey*, 299 Ark. 412, 773 S.W.2d 446; *Cox* v. *State*, 299 Ark. 312, 772 S.W.2d 336 (1989). Counsel cannot be found ineffective when he or she fails to make an argument which has no merit. *Stanley* v. *State*, 297 Ark. 586, 764 S.W.2d 426 (1989). In sum, even if appellant's counsel had filed a motion to dismiss on speedy-trial grounds, such a motion would have been unavailing.

■ Appellant's next argument concerns whether his trial attorney, McArthur, obtained continuances in appellant's absence and without his approval. Both the appellant and McArthur testified on this issue, and McArthur related that he had discussed all the continuances obtained with both the appellant and his mother, and appellant was present for all such requests except one. The trial court's docket sheet supports McArthur's testimony concerning appellant's appearances. It is well established that the credibility of the witnesses is a matter for the factfinder, *Ham* v. *State*, 296 Ark. 385, 757 S.W.2d 932 (1988), and in this case, the trial court obviously believed Mr. McArthur's testimony rather than the appellant's.

■ Finally, we reiterate the rule that matters of trial tactics

and strategy, which can be a matter of endless debate by experienced advocates, are not grounds for post-conviction relief. *Knappenberger*, 283 Ark. 210, 672 S.W.2d 54. Here, McArthur testified that sources had informed him that the victim in this case was "shaky," and if given enough time, the victim might move from the state and refuse to testify for the prosecution. We cannot say here that counsel's tactical decisions to obtain continuances denied appellant a fair trial. *Id.*

For the above reasons, we affirm.