## Wadell WASHINGTON v. STATE of Arkansas

5484                                          451 S. W. 2d 449

### Opinion delivered March 23, 1970

*Louis W. Rosteck,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston,* and *Mike Wilson,* Asst. Attys. Gen., for appellee.

George Rose Smith, Justice. By information the appellant was charged with the unlawful sale of narcotic drugs, in the form of thirty capsules of "amphetamine with sulfate pentrobarbital." The trial court, sitting without a jury, found the accused guilty and sentenced him to three years confinement in the penitentiary. In this court the appellant asserts three points for reversal.

First, it is argued that the State's proof about the sale was inadmissible, because the transaction was unlawfully induced by means of entrapment on the part of a federal narcotics agent. Upon that issue, however, the substantial evidence is in conflict. The agent testified

that after a conversation about drugs he was taken by the defendant to a weedy vacant lot, where the defendant left the car and shortly returned with the drugs. The agent said that he later paid Washington $12.50 for the drugs, after Washington had ascertained that to be the right price. Washington, on the other hand, testified that he had been given the drugs by a third person, that he had thrown them away as worthless, and that he reluctantly retrieved them for the agent only at the latter's insistence. He also said that he made no charge for the drugs and retained the money only because the agent thrust it upon him and urged him to keep it.

We recently discussed the defense of entrapment in *Peters v. State,* 248 Ark. 134, 450 S. W. 2d 276. There, upon proof decidedly more favorable to the accused than that now before us, we held only that the defense should have been submitted to the jury. Here, too, we find the issue to be one of fact, upon which the trial court's judgment is supported by substantial evidence. That ends our inquiry.

Secondly, both the narcotics agent and a government chemist testified about the drugs, but the State did not offer the capsules in evidence. It is now insisted that the trial court should have "required" the State to produce the physical evidence. It is perfectly permissible, however, for a witness in a criminal case to testify about tangible objects involved in the crime without producing them. *Meyer v. State,* 218 Ark. 440, 236 S. W. 2d 996 (1951). Furthermore, there was no request in the court below that the capsules be produced. Consequently there was no adverse ruling by the trial court upon which a claim of error can now be based.

Thirdly, the prosecution was allowed to amend the information to conform to the testimony of the chemist, who said that there is no such drug as "sulfate" pentrobarbital and that the correct term is "sodium" pentrobarbital. The amendment did not change

the nature or degree of the crime charged and was therefore permissible. Ark. Stat. Ann. § 43-1024 (Repl. 1964); *Underwood v. State*, 205 Ark. 864, 171 S. W. 2d 304 (1943). Moreover, the defense made no claim of surprise nor request for a continuance; so there is a total absence of any indication that the accused was prejudiced by the amendment.

Affirmed.