## Sammy SWEARINGIN v. STATE of Arkansas

5615                                    474 S.W. 2d 111

Opinion delivered December 20, 1971
[Rehearing denied January 17, 1972.]

*Marshall Carlisle,* for appellant.

*Ray Thornton,* Attorney General; *John D. Bridgforth,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. Appellant Sammy Swearingin, convicted of possession of stolen property worth more than $35, has filed no brief in this court, although he is not a pauper. It is evident from the record that appellant consistently refused to cooperate with or confer with his attorneys employed in the trial court. The two points raised by the motion for new trial, which was denied, are (1) that the court erred in failing to strike testimony offered by the State concerning certain tape cartridges and the tape box containing the tapes since the tapes and box were not offered or admitted into evidence, and (2) the trial court erred in denying his motion for a directed verdict because there was no evidence properly introduced from which the jury could find appellant was in possession of stolen property which exceeded the value of $35.

Appellant was charged by information with possessing stolen goods, "namely 31 stereo tapes, transistor radio, Holly Carburetor, a silver teapot, and other miscellaneous items," belonging to Bill Cline. Cline testified that on the evening of June 26, 1970, he had found

his home broken into, thoroughly messed up, and many things missing. After the police had come and he had given them a report, he went to appellant's garage. He hid in the weeds across the street and heard tapes being played that sounded like his tape collection, which he reported to the police. Thereafter, he testified, the bulk of the missing items were returned to him by appellant.

Ronald Haskins, a patrolman, testified that he went to appellant's garage, saw a black tape box full of tapes, traded two tapes to appellant for two tapes from the box, which he marked, and which Cline later identified as his. These two tapes were the only stolen goods introduced into evidence. Cline on recall testified that the tape box, given him by his wife a few weeks prior to the break-in, and the tapes in it belonged to him, and that the box was worth $5 and the 20 tapes in it were worth $1.75 each.

Appellant's assertion that testimony about the box and tape cartridges should have been stricken because the box and tapes were not offered into evidence is without merit. A witness may testify about articles of personal property involved in a crime without producing the articles. *Meyer v. State,* 218 Ark. 440, 236 S. W. 2d 996 (1951); *Washington v. State,* 248 Ark. 318, 451 S. W. 2d 449 (1970). It follows, therefore, that since this testimony was properly admitted, appellant's second assertion must also fail. Without enumerating the long list of other goods and their value, the testimony shows that the tape box and tape cartridges had a value of more than $35.00.

Affirmed.