PATRICK MAYNARD *v.* STATE OF ARKANSAS

5714                                    480 S.W. 2d 353

Opinion delivered May 22, 1972

*John C. Earl,* for appellant.

*Ray Thornton,* Atty. Gen., by: *Henry Ginger,* Deputy Atty. Gen., for appellee.

FRANK HOLT, Justice. The jury convicted appellant of the crime of robbery and assessed his punishment at three years in the penitentiary. For reversal of that judgment, the appellant first contends by his court appointed appellate counsel that the court erred in admitting testimony about suppressed evidence, a knife, which was allegedly used in the crime. We cannot agree.

An investigating officer went to appellant's apartment and was admitted by a woman (a prostitute), who occupied the apartment with him as his fiancee and,

also, as Mrs. Maynard. The officer arrested appellant as a robbery suspect at which time appellant voluntarily produced a small pocket knife from his person when the officer asked appellant if he had a weapon. The officer took the appellant to the police station where he learned that a knife was used in the robbery. Another officer, with appellant's purported wife, returned to the apartment and retrieved the knife. The court sustained the appellant's pre-trial motion to suppress the knife as evidence on the basis it was secured without a search warrant. However, during the trial the officer, who first observed the knife when he arrested the appellant, was permitted to testify only to the extent that appellant had a knife on his person when arrested and described it as a bone handle pocket knife with a 3 to 3 1/2 inch blade. The victim described the weapon used during the robbery as an ordinary pocket knife with a single blade 4 to 5 inches. The officers knowledge about the knife was acquired when he first arrested appellant. There is no contention that the arrest was unlawful. It is well recognized that an arresting officer has the right, incidental with a lawful arrest, to ascertain if an individual is armed in order to avoid possible harm to the arresting officer. See *Bailey* v. *State,* 246 Ark. 362, 438 S.W. 2d 321 (1969); *Ballew* v. *State,* 246 Ark. 1191, 441 S.W. 2d 453 (1969); *Patrick* v. *State,* 245 Ark. 923, 436 S.W. 2d 275 (1969); *Sibron* v. *New York,* 392 U.S. 40 (1968). Furthermore, it is permissible for a witness in a criminal proceeding to testify about his observation of tangible objects even though they are not produced as evidence. See *Washington* v. *State,* 248 Ark. 318, 451 S.W. 2d 449, (1970).

The appellant next asserts that the court erred in failing to properly instruct the jury as to the legal tests of insanity. Appellant argues that the state's instruction No. 6 is confusing and does not include the three tests of insanity which are incorporated in the standard instruction consistently approved by this court since *Bell* v. *State,* 120 Ark. 530, 180 S.W. 186 (1915). Appellant specifically asserts that the instruction is defective because it does not include the first test which relates to the defendant's knowledge as to the nature and quality of the

alleged act. This instruction, which we do not recommend as a model instruction, is not subject to this alleged deficiency. According to appellant, he was formerly adjudged mentally insane in a criminal proceeding in federal court. He now receives social security benefits through a payee which occurs whenever an individual is unable to handle his affairs because of either his physical or mental condition. In the case at bar, the state adduced evidence, however, that appellant was sane at the time of the alleged offense. Our review of the record discloses that the appellant never produced evidence that he was insane at the time of the present offense or specifically that he did not know the nature and quality of the alleged offense. An instruction must be germane to the factual issues.

Affirmed.