LINDA JOYCE WASHINGTON *v.* STATE OF ARKANSAS

5814                                    491 S.W. 2d 594

Opinion delivered March 19, 1973

*Omar F. Greene,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Frank B. Newell,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was fined $50 and sentenced to 30 days imprisonment on a charge of shoplifting (second offense). She contends that the trial court, sitting as a jury, should have directed a verdict of acquittal because the state failed to produce in evidence the coat which "was allegedly involved in the shoplifting." It appears that the property was released to the local merchant.

The state adduced evidence that a saleslady in a local department store observed the appellant wearing a coat which was missing from a sales rack. The appellant was asked if she had decided to buy it. When the sales person's attention was diverted, apparently by two confederates, the appellant left the store and was apprehended wearing the coat. Appellant testified that the coat was given to her several months previously by her husband and that it was stained or soiled from use. Therefore, appellant asserts the state was required to produce the coat inasmuch as it would be the best evidence as to whether it was a new or used coat. Further, without the coat she could not offer witnesses to identify the coat as being her own.

It is well established that in a criminal case it is permissible for a witness to testify concerning tangible objects which are involved without producing the articles. *Maynard* v. *State*, 252 Ark. 657, 480 S.W. 2d 353 (1972), *Swearingin* v. *State*, 251 Ark. 700, 474 S.W. 2d 111 (1971), *Scott* v. *State*, 251 Ark. 918, 475 S.W. 2d 699 (1972), *Washington* v. *State*, 248 Ark. 318, 451 S.W. 2d 449 (1970), and *Meyer* v. *State*, 218 Ark. 440, 236 S.W. 2d 996 (1951). In the latter case we observed:

" 'The best evidence rule deals with writings alone, not with objects, and the fact that exhibition of such objects to the jury would more clearly and forcefully explain their nature, appearance or condition, is not a valid objection to oral evidence concerning such matters.' "

The trial court correctly refused a directed verdict.

Affirmed.