William Jessie HARRIS *v.* STATE of Arkansas

CR 76-100                                   540 S.W. 2d 859

Opinion delivered September 27, 1976

*James A. Neal,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Gary Isbell,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. For reversal of a robbery conviction — with the use of a firearm, appellant William Jessie Harris raises the issues hereinafter discussed.

The record shows that the Scottish Inn Motel was robbed sometime between 11:30 p.m. and midnight on January 21, 1975, by a man brandishing a single shot shotgun. Taken in the robbery was some six hundred dollars in currency and some quarters. The robber also took a moneybag that contained the housekeeper's keys to the motel.

An investigator, Mike Goomeer, was dropping another

officer off at the Scottish Inn around 11:30 to pick up his car. While there he noticed that nobody was at the office desk and that a Ford automobile described as 1968-1970 white over light tan was parked at an odd angle in a parking space away from the other automobiles. Based upon the information given by Mike Goomeer, Officer James Bolin arrested appellant at 12:10 a.m., some twenty minutes after the robbery was reported. Appellant at the time was driving a white over light olive green 1969 Ford. The automobile was fairly dirty at the time. In the automobile the officers found $667.00 consisting of paper money and five rolls of quarters. The search also revealed a single shot shotgun loaded with single "0" buckshot and a red moneybag containing a bronze key attached to an identification tag reading "Scottish Inn Housekeeper." Mike Gooneer identified the automobile driven by appellant as the car he had previously observed at the Scottish Inn.

As can be seen from the foregoing summary of the evidence, we can find no merit to appellant's suggestion that there was no substantial evidence to support the jury's verdict.

The contention of appellant that the trial court erred in admitting evidence concerning property seized from appellant without introducing the property has no merit. See *Swearingin v. State,* 251 Ark. 700, 474 S.W. 2d 111 (1971) and *Maynard v. State,* 252 Ark. 657, 480 S.W. 2d 353 (1972).

Neither can we find any merit to appellant's contention that he was denied the effective assistance of counsel because of the trial court's refusal to grant a continuance. The record shows that through his retained counsel he had previously obtained two continuances. On the day before trial he switched counsel and asked for another continuance. Obviously a trial court does not abuse its discretion in denying a continuance in such instances. Any other rule would permit a defendant to get successive continuances so long as he had the money to hire a new lawyer for each court setting.

Affirmed.

We agree: HARRIS, C.J., and HOLT and ROY, JJ.