STATE of Arkansas *v.* Herbert HARDIN,
Otis URSERY & David TURLEY

CR 80-141                                    609 S.W. 2d 64
Supreme Court of Arkansas
Opinion delivered December 22, 1980

*Steve Clark*, Atty. Gen., by: *Joseph H. Purvis*, Deputy Atty. Gen., for appellant.

*James E. Phillips*, Deputy Public Defender, for appellee Ursery.

*Thomas M. Carpenter* and *Langston & Moore*, by: *John M. Langston*, for appellee Hardin.

*Howard & Hicks*, by: *Charles R. Hicks*, for appellee Turley.

JOHN F. STROUD, Justice. The state brings this interlocutory appeal from the trial court's granting of appellees' motion to suppress from evidence a certain automobile and its contents. As we find that the trial court erred, we reverse the ruling.

Appellees were arrested on the I-430 bridge over the Arkansas River on August 11, 1979, approximately six minutes after the early morning robbery of a convenience store in western Little Rock. Officer Farris Henslee of the Little Rock police stopped appellees' vehicle, a two-tone Ford Torino (one of the colors was yellow), in response to a radio call describing the robbery suspects' car as "possibly a yellow Ford Torino." Officer Henslee testified that as he was removing appellees from the vehicle, he observed a .45 caliber pistol

wedged between the back cushion and the seat cushion of the rear seat. He said he removed the pistol from the seat, and, while doing so, observed a red shirt protruding from underneath the right side of the front seat, which he also seized. He also found a set of keys on the floor of the vehicle. Another officer who arrived at the scene while Officer Henslee was taking appelees into custody assisted in an inventory of the car and summoned a wrecker to tow appellees' vehicle to storage. The clerk of the store which had been robbed was summoned to the police station that same morning to view a lineup, at which time he identified appellees Hardin and Turley as the men who had committed the robbery.

A hearing was held on March 11, 1980, on appellees' motions to suppress their identification by the store clerk and to suppress from evidence those items seized during their arrest. After hearing the testimony of the store clerk identifying two of the assailants and pointing out that one of them had on a red shirt, and the testimony of several officers of the Little Rock Police Department, the trial court denied the motions. A few days before trial, the attorneys for appellees learned that the impounded vehicle had been inadvertently sold. Subsequently, on March 19, two days before the scheduled trial, appellees filed a new motion requesting that the trial court order the State to produce appellees' impounded vehicle for their inspection, which the trial court granted. On the day of trial several motions in limine were presented by appellees, the most significant of which was their request that the State's witnesses be prevented from mentioning the description of the car in which appelees were riding at the time of their arrest since the State had not complied with the Court's order to produce the vehicle. Unbeknownst to the State, the wrecker service storing the automobile had sold it, presumably to a salvage yard. After a lengthy, and rather disjointed, discussion of the loss of the vehicle and its effect upon the trial, the trial court ruled that the vehicle and any description of it would be suppressed from evidence, as well as the pistol, shirt and any other items seized from the car. From the ruling of the trial court suppressing the pistol and shirt from evidence, the State brings this interlocutory appeal.

The State contends that the trial court's ruling that the pistol and red shirt could not be used as evidence at trial due to the sale of the automobile was much too severe a sanction against it, for nowhere in the record is there any evidence of connivance or bad faith on the part of the State in the loss of the vehicle. Appellees, on the other hand, argue that the ruling was proper and that it was the State's responsibility to maintain possession of the automobile until final disposition of the case, and that the loss of it prevented appelees from effectively cross-examining the police officers who made the arrests and seized the evidence. Appellees attack the credibility of Officer Henslee, and contend that the pistol could not ahve been stuck in the back seat as he testified at the supression hearing. They argue that if the vehicle had been available, an examination of the construction of the seat might have supported their position. Appellant pointed out, however, that although the vehicle had been available for inspection for six months, appellees made no effort to examine it until a few days before trial when they learned it was unavailable. Appellant also argues that apellees were not prejudiced inasmuch as an identical make and model vehicle could be examined, and if any modifications are asserted they could be testified to by appellees or appellee Hardin's mother, who actually owned the vehicle. While we agree that the State has the responsibility of storing and maintaining property which may be useful as evidence in a criminal proceeding, we do not think that the facts and circumstances of the present case, when viewed in their totality, require suppression of all testimony concerning the missing vehicle and suppression of all items removed from the vehicle subsequent to the arrests.

We agree with the well-reasoned opinion of the Supreme Court of Arizona in *State Ex Rel. Hyder* v. *Hughes*, 119 Ariz. 261, 580 P. 2d 722 (1978), which although factually distinguishable, resolved an issue quite similar to that involved in the present case. That case involved a defendant who had previously entered a plea of guilty to rape and later successfully collaterally challenged the plea. On the day of retrial, the defendant informed the trial court that most of the evidence against him, including a knife and bedspread, had been inadvertently disposed of by the State since his plea of

guilty. He moved the court to suppress any references to the lost evidence, and the motion was granted. In reversing, the appellate court held, *Hyder* v. *Hughes*, supra at 725, the following:

> We therefore hold that where, as here, a defendant has had the opportunity to inspect the evidence, there is no bad faith or connivance on the part of the State and it does not appear that a defendant has been prejudiced by the loss of evidence, there is no compelling reason to either dismiss the charge or charges against him or to suppress any reference to otherwise competent evidence. If prejudice is claimed after a trial and conviction, it will then become the court's duty to look at the circumstances of the case, [citation omitted], and determine the fairness thereof.

Our acceptance of the holding in *Hyder* v. *Hughes*, supra, does not constitute a significant deviation from our decisions in like cases, for we have often held it not to be error for the trial court to admit testimony concerning property seized from a defendant even though the property itself is not produced or is inadmissible. *Harris* v. *State*, 260 Ark. 420, 540 S.W. 2d 859 (1976); cert. den. 430 U.S. 932 (1977); *Maynard* v. *State*, 252 Ark. 657, 480 S.W. 2d 353 (1972).

As we are reversing the ruling of the trial court and remanding this cause, we take this opportunity to point out that at trial both sides should be permitted to put on testimony concerning any characteristic of the missing automobile. We also hold that the pistol and red shirt should not be suppressed from evidence because of the inadvertent disposal of the auotmobile.

Reversed and remanded.

FOGLEMAN, C.J., concurs.

PURTLE, J., not participating.