Johnny Bill JOHNSON *v.* STATE of Arkansas

CR 86-45                                    715 S.W.2d 441

Supreme Court of Arkansas
Opinion delivered September 15, 1986

*Fritzie Vammen*, for appellant.

*Steve Clark*, Att'y Gen., by: *William F. Knight*, for appellee.

DAVID NEWBERN, Justice. The appellant was found guilty of burglary of, and theft of property from, a warehouse. An accomplice testified that he and the appellant and another person committed the offenses. The appellant argues the accomplice's testimony was not corroborated and the evidence was not sufficient to show the identity of the allegedly stolen property and value in excess of $200 which is required to support the appellant's conviction of a class C felony on the theft charge. Ark. Stat.

Ann. § 41-2203(2)(b)(i) (Supp. 1985).

Murie, the accomplice who testified, said the appellant had gone into the warehouse and had removed property and passed it through a broken window into a dumpster outside. Murie said while this was going on he, Murie, was waiting outside by a truck in which they had driven to the warehouse. Murie testified that when the police arrived on the scene he ran into the building to warn the others. The evidence given by police officers showed the appellant and Murie were found on the roof of the warehouse.

Officer Blair testified that when he came to the warehouse he saw an arm sticking out of the broken window dropping merchandise into the dumpster. The arm was clad in a blue denim sleeve. When the appellant and Murie were apprehended, Murie was wearing a denim jacket and the appellant was wearing only a "T" shirt.

## 1. Corroboration

The appellant argues there was no substantial evidence to show that he entered the warehouse other than Murie's testimony. His brief suggests he could have climbed up a drain spout on the exterior of the building to get to the roof.

The corroboration of an accomplice's testimony required by Ark. Stat. Ann. § 43-2116 (Repl. 1977) is sufficient if it shows independently that a crime occurred and the accused was connected with its commission. *Linell* v. *State,* 283 Ark. 162, 671 S.W.2d 741 (1984); *Henderson* v. *State,* 279 Ark. 435, 652 S.W.2d 16 (1983) (reversed on other grounds). Although Murie, and not the appellant, was found wearing the denim jacket, a fact which tends to detract from Murie's testimony that he, Murie, was outside the warehouse when the police arrived, it does not detract at all from Officer Blair's corroborating testimony. In *Bly* v. *State,* 267 Ark. 613, 593 S.W.2d 450 (1980), and in *Henderson* v. *State, supra,* we held that flight by an accused may constitute a corroborating circumstance. Completely disregarding Murie's testimony, we have Officer Blair's testimony that he saw the crime being committed and found the appellant and Murie on the roof of the building which was the scene of the crime. The appellant and Murie were cold and wet, as Officer Blair testified, because they had been lying on the roof. We hold the corrobora-

tion was sufficient. The fact that the appellant was discovered on the roof of the warehouse with no apparent reason for being there other than to escape detection as a participant in the burglary is sufficient.

### 2. Property Identity and Value

The state called James Edgecomb, a maintenance man at the warehouse, as a witness to establish the identity and value of the property allegedly stolen from the warehouse. Edgecomb had gone to the warehouse the evening of the burglary in response to a burglar alarm call. He testified he later went to the police station and picked up property which was normally carried in the warehouse stock. The police had photographed the property, and Edgecomb identified the property in the photograph as being that which he had retrieved from the police station. He recited values of the various items which, added together, far exceeded $200.

The only objection made by the appellant to Edgecomb's testimony was that the police should have brought the merchandise rather than a photograph of it to the trial. He cites no authority for that argument. It is well established that, in a criminal case, a witness may testify concerning tangible objects which are involved without producing the articles. *Washington* v. *State,* 254 Ark. 121, 491 S.W.2d 594 (1973); *Washington* v. *State,* 248 Ark. 318, 451 S.W.2d 449 (1970). It is not a violation of the best evidence rule which applies only to writings, photographs and recordings, Ark. Stat. Ann. § 28-1001 (Repl. 1979), Uniform Rules of Evidence 1002; *Redman* v. *State,* 265 Ark. 774, 580 S.W.2d 945 (1979), nor does it violate the hearsay rule for a witness to testify about a physical object not presented in court. Ark. Stat. Ann. § 28-1001 (Repl. 1979), Uniform Rules of Evidence 801(c); *Redman* v. *State,* supra. An accused has no constitutional right to confrontation in the case of physical objects as opposed to witnesses who testify against him. *Southern* v. *State,* 284 Ark. 572, 683 S.W.2d 933 (1985); *Redman* v. *State, supra.*

He also contends that property retrieved from a dumpster is likely to have been placed there by someone else and is likely not to have been in working order. The photograph in the record shows apparently undamaged boxes which Edgecomb said contained the merchandise in question. A police detective, Officer

Briggs, testified the photograph depicted the merchandise recovered from the dumpster outside the warehouse on the night of the burglary. No evidence was presented to show any of the recovered items were broken.

We find the evidence on identity and value of the property was sufficient. We decline to consider the appellant's arguments that Edgecomb was allowed to testify to hearsay as to the retail prices of the recovered items and that a proper custody chain was not established with respect to the merchandise because these objections were not raised at the trial. *Fretwell* v. *State,* 289 Ark. 91, 708 S.W.2d 630 (1986); *Wicks* v. *State,* 270 Ark. 781, 606 S.W.2d 366 (1980).

Affirmed.