Wilfredo G. GONZALEZ *v.* STATE of Arkansas

CR 90-279                                            811 S.W.2d 760

Supreme Court of Arkansas
Opinion delivered June 10, 1991

*LaJeana Jones*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. On May 8, 1990, the appellant, Wilfredo Gonzalez, was convicted of five counts of delivery of a controlled substance and sentenced to a term of life in the Arkansas Department of Correction for each count.

Gonzalez alleges two points of error on appeal: 1) that the denial of his motion to dismiss "the remaining five charges" in CR 89-69 was error, and 2) that the admission into evidence of the exhibits in this case constituted error because the proper chain of custody was not established. Neither argument has merit, and we affirm.

Gonzalez was initially charged in a single information on August 21, 1989, with seven counts of delivery of a controlled substance (cocaine). The dates of alleged delivery were December 2 and December 28, 1988, January 2, January 6, January 7, January 14, and May 23, 1989.

The first two counts against Gonzalez were set for trial on December 1, 1989, at which time he was convicted and sentenced to life imprisonment and a $25,000 fine on each charge. We reversed those two convictions and remanded for a new trial. *Gonzalez* v. *State*, 303 Ark. 537, 798 S.W.2d 101 (1990).

Apparently, Gonzalez now claims that the trial court erred in denying his motion to dismiss the remaining five charges contained in the information. However, he cites no authority to support his contention, and we decline to consider this argument on appeal. *Garza* v. *State*, 293 Ark. 175, 735 S.W.2d 702 (1987). In addition, we note that we returned the record to the trial court for settlement on the issue of the severance of these charges. The trial court concluded at the hearing to supplement the record that ". . . we were trying to find a case to try the next day because we had a jury coming in and the two cases against Gonzalez where the chemist was available were the ones suggested by the prosecutor and agreed to by the Court and not objected to by the defendant other than a Motion for a Continuance and that is the reason those two particular charges were severed from the remaining five charges." Gonzalez did not make a request for joinder pursuant to Ark. R. Cr. P. 21.3, and his failure to do so

constituted a waiver of any right of joinder as to the related offenses with which he knew that he had been charged.

Gonzalez contends in his second point of error that the admission into evidence of the exhibits in this case was error because the proper chain of custody was not established.

We note that a party has a duty to make a timely and complete objection to the admission of evidence. *Moore* v. *State*, 303 Ark. 514, 798 S.W.2d 87 (1990) (citing *Dumond* v. *State*, 290 Ark. 595, 721 S.W.2d 663 (1986)). In this case, both Officer W.L. Holbrook, the undercover agent who purchased the cocaine from Gonzalez, and Ms. Mary Buhler, a chemist in the drug section of the Arkansas State Crime Lab who analyzed the substances submitted by Officer Holbrook, testified without objection that the substances obtained from Gonzalez were cocaine. It was not until the physical exhibits themselves were offered as exhibits to the proof already received that defense counsel objected.

Consequently, Gonzalez did not make a timely objection to the testimony that the substances at issue were cocaine, and he is now precluded from raising the issue on appeal. Furthermore, evidence that is merely cumulative or repetitious of other evidence admitted without objection cannot be claimed to be prejudicial. *Dumond* v. *State, supra.*

Pursuant to Ark. Sup. Ct. R. 11(f), we have reviewed the entire record for other reversible error and find none.

Therefore, the judgment of the trial court is affirmed.