James WINGFIELD and Eddie Orr *v.* STATE of Arkansas

CR 05-274            214 S.W.3d 843

Supreme Court of Arkansas
Opinion delivered October 6, 2005

---

*Charles E. Ellis*, for appellant James Wingfield.

*John H. Bradley*, for appellant Eddie Lee.

*Mike Beebe*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.

JIM HANNAH, Chief Justice. Appellants James Wingfield and Eddie Orr were tried and convicted by a Mississippi County jury of aggravated robbery. On appeal, Wingfield argues that the circuit court erred in denying his motion for a directed verdict because the evidence was insufficient to allow the trier of fact to reach a conclusion without resorting to speculation and conjecture. Both Wingfield and Orr argue that the circuit court erred in admitting into evidence photographs of currency seized during their arrest in violation of Rule 1002 of the Arkansas Rules of Evidence. They also argue that the circuit court erred in admitting into evidence photographs of a handgun taken during the execution of a search warrant by the Blytheville Police Department. We find no error and affirm. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(2).

*Facts*

In the early morning hours of January 19, 2004, the Blytheville Hampton Inn was robbed by two men. After the robbers fled, Mario Coronado, the night auditor who was working at the time of the robbery, immediately contacted the police. While speaking to the police dispatcher, Coronado spotted the vehicle he believed the two men were riding in and told the dispatcher: "You've got a police car right behind them." Blytheville police pursued the vehicle into Missouri before it was stopped with the aid of a Missouri State trooper who deployed a spike strip.

Officers approached the vehicle and arrested Orr, who was driving, and Wingfield, Orr's passenger. Lieutenant Chris Riggs of the Pemiscot County, Missouri, Sheriff's Department assisted with the arrest. He testified that he and another officer transported

Wingfield and Orr to the Pemiscot County Sheriff's Department for booking. Lieutenant Riggs stated that Wingfield was wearing a gray jacket and cream slacks at the time of his arrest. Upon booking Wingfield and Orr, Lieutenant Riggs inventoried their personal property. Among the property inventoried was $281.20 from Wingfield and $69.00 from Orr. Lieutenant Riggs testified that after securing the property, he turned it over to Officer Scott Rice of the Blytheville Police Department. The appellants' personal effects were then photographed by the Blytheville police.

Blytheville police officer Steve Caudle testified that the Blytheville police had the vehicle towed to Mason's Towing and Recovery. Officers secured a search warrant for the vehicle on January 21, 2004. Officers Caudle and Gary Byce searched the vehicle, and they found a Colt .32 caliber pistol under the driver's seat. Officer Byce then took photographs of the vehicle and its contents.

On August 18, 2004, Wingfield and Orr stood trial for aggravated robbery. After the jury returned a verdict of guilty as to both appellants, Orr, who had prior convictions from Missouri, waived jury sentencing and, pursuant to Ark. Code Ann. § 5-4-501(d)(1) (Supp. 2003), received a life sentence. The jury deliberated the sentence of Wingfield, also a habitual offender, and returned a recommendation of twenty-five years in the Arkansas Department of Correction, which was subsequently imposed by the circuit court.

*Sufficiency of the Evidence*

Though appellants submit a joint brief on appeal, only appellant Wingfield challenges the sufficiency of the evidence. Wingfield's specific claim of insufficiency is that Coronado, the hotel employee who was robbed, could not positively identify him as a participant in the robbery. At trial, Coronado identified Orr as the man who confronted him with a handgun and demanded money. However, he was unsure about the identity of the second man who robbed him. Coronado testified that the man who participated in the robbery with Orr was wearing a gray zipped-up sweatshirt. Coronado also stated that the man with Orr was younger and taller than Orr and that his complexion was darker than Orr's complexion. Wingfield made a motion for directed verdict at the close of the State's case and renewed that motion at the close of trial. Both motions were denied.

A motion for directed verdict is a challenge to the sufficiency of the evidence. *Ross v. State*, 346 Ark. 225, 57 S.W.3d 152 (2001). The test for determining sufficiency of the evidence is whether substantial evidence, direct or circumstantial, supports the verdict. *Id.* Substantial evidence is evidence of sufficient certainty and precision to compel a conclusion one way or another and pass beyond mere suspicion or conjecture. *Id.* On appeal, we review the evidence in the light most favorable to the appellee and consider only the evidence that supports the verdict. *Id.*

Circumstantial evidence may constitute substantial evidence to support a conviction. *Gregory v. State*, 341 Ark. 243, 15 S.W.3d 690 (2000). Guilt can be established without eyewitness testimony and evidence of guilt is not less because it is circumstantial. *Id.* The longstanding rule in the use of circumstantial evidence is that, to be substantial, the evidence must exclude every other reasonable hypothesis than the guilt of the accused. *Id.* The question of whether the circumstantial evidence excludes every hypothesis consistent with innocence is for the jury to decide. *Id.* Upon review, this court must determine whether the jury resorted to speculation and conjecture in reaching its verdict. *Id.* Overwhelming evidence of guilt is not required in cases based on circumstantial evidence; the test is one of substantiality. *Id.*

Wingfield argues that his motion for directed verdict was denied, in essence, because he was in the car with Orr. He contends that the State did not present any evidence as to when he entered the car. Wingfield also points to "inconsistencies" between the amount of money taken in the robbery and the amount of money found on his person at the time of his arrest.

The State contends that even though Coronado could not positively identify Wingfield, there is substantial evidence that Wingfield participated in the robbery. We agree. At trial, Coronado described both assailants as African–American and explained the differences in their respective ages and complexion. Coronado described a gray sweatshirt worn by the younger assailant that matched what Wingfield was wearing at the time of his arrest. Further, the record reveals that Coronado, who saw the vehicle the robbers fled in, identified it in his immediate call to the police. Blytheville police pursued the vehicle into Missouri, and appellants were taken into custody and subsequently identified in court by arresting officers.

As to Wingfield's argument concerning the alleged inconsistencies between the amount of money taken during the robbery and the amount of money found on his person, we note that testimony at trial indicated that at the time of their arrest, Wingfield had $281.20 on his person, and Orr had $69.00 on his person. Thus, officers seized a total of $350.20 from appellants. Coronado testified that between $360 and $380 was taken during the robbery. The difference between Coronado's approximation and the amount seized from appellants at the time of their arrest is negligible and does not support Wingfield's argument that the jury had to resort to speculation and conjecture to reach a verdict. Based upon the foregoing, we conclude that the State presented substantial evidence that linked Wingfield to the robbery as the second person involved and that the jury was not forced to speculate as to who Orr's accomplice was.

## Admissibility of Photographs

At trial, appellants objected to State's Exhibits 12 and 13, photographs of currency seized from appellants at the time of their arrest. Appellants argue here, as they did below, that the admission of the photographs of money violates Ark. R. Evid. 1002, the best-evidence rule. Rule 1002 provides:

> To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by [rules adopted by the Supreme Court of this State or by] statute.

The appellants' personal effects were inventoried by Lieutenant Riggs of the Pemiscot County, Missouri, Sheriff's Department. Lieutenant Riggs then turned the property over to Officer Scott Rice of the Blytheville Police Department. Officer Rice testified that he transported the evidence to Blytheville and, once there, the evidence was logged in and photographed. Officer Byce testified that it is the procedure of the Blytheville police, when receiving cash as evidence, to deposit the cash in the bank. He explained that the police department does this for safety reasons and that it is not the practice of the police department to leave money in an evidence locker. Officer Byce said that in this case, standard procedure was followed, and the money seized from appellants at the time of their arrest was deposited in the bank.

Appellants objected to the admission of the photographs of the money, arguing that it was impossible to ascertain the amount

of money depicted in the photographs. They further argued that since money is a "writing," the best-evidence rule applies, and the State should be required to produce the money seized. The circuit court overruled the objection, finding that the best-evidence rule was inapplicable in this case. We agree with the circuit court's finding.

At trial, Lieutenant Riggs testified about the money seized from appellants, specifically providing information about the different denominations of the cash. Lieutenant Riggs testified that from Wingfield, he seized a one-dollar bill, ten five-dollar bills, one ten-dollar bill, six twenty-dollar bills, a hundred-dollar bill, and twenty cents, for a total of $281.20. He further testified that he seized three ten-dollar bills and thirty-nine one-dollar bills from Orr, for a total of $69.00. In *Johnson v. State*, 289 Ark. 589, 715 S.W.2d 441 (1986), we rejected the appellant's argument that the police should have brought the actual stolen merchandise, rather than a photograph of it, to the trial. We stated:

> It is well established that, in a criminal case, a witness may testify concerning tangible objects which are involved without producing the articles. It is not a violation of the best evidence rule which applies only to writings, photographs, and recordings, nor does it violate the hearsay rule for a witness to testify about a physical object not presented in court. An accused has no constitutional right to confrontation in the case of physical objects as opposed to witnesses who testify against him.

*Id.* at 592, 715 S.W.2d at 443 (citations omitted). Here, Lieutenant Riggs testified, without objection, about the currency seized without producing the actual currency. Like the stolen merchandise in *Johnson*, the currency seized in this case was a physical exhibit and not within the purview of the best-evidence rule. We hold that the circuit court did not abuse its discretion in admitting photographs of the currency seized from appellants at the time of their arrest.

Appellants next argue that the circuit court erred in admitting into evidence photographs of a handgun removed from the vehicle because the photographs were irrelevant and because the State failed to demonstrate a chain of custody of the vehicle prior to photographs being taken. Appellants contend that the State offered no evidence demonstrating a reasonable probability of a lack of alteration, and that there is no way of knowing when the weapon was placed in the car or who placed it in the car.

■■  The State responds that appellants did not object to the actual testimony concerning the discovery of the handgun, only the introduction of photographs of the weapon and, as such, appellants' claim must fail. We agree. In this case, testimony revealed that after appellants were arrested, police took control of their vehicle and had the vehicle towed to Mason's Towing and Recovery. Officer Caudle testified that Mason's is a secure facility that regularly stores property for the Blytheville police. Officers Caudle and Byce searched the vehicle two days after appellants were placed under arrest and, at that time, the officers recovered a handgun from underneath the driver's seat. The photographs at issue depicted what the officers found during the search. Testimony from Officer Caudle described what the officers found during the search. Appellants did not object to Officer Caudle's testimony which, like the photographs, revealed that a handgun was recovered from the vehicle. Evidence that is merely cumulative or repetitious of other evidence admitted without objection cannot be claimed to be prejudicial. *Gonzalez v. State*, 306 Ark. 1, 811 S.W.2d 760 (1991). We hold that the circuit court did not abuse its discretion in admitting photographs of a handgun recovered during the search of the vehicle.

### 4-3(h)

In compliance with Ark. Sup. Ct. R. 4-3(h), the record has been examined for all objections, motions, and requests made by either party that were decided adversely to appellant Orr, and no prejudicial error has been found. *Doss v. State*, 351 Ark. 667, 97 S.W.3d 413 (2003).

Affirmed.