# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR–13–139

|  |  |
|---|---|
| ANTHONY LEE CHATFIELD<br><div align="right">APPELLANT</div><br>V.<br><br>STATE OF ARKANSAS<br><div align="right">APPELLEE</div> | **Opinion Delivered** October 9, 2013<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION<br>[NO. CR-12-1064]<br><br>HONORABLE BARRY SIMS, JUDGE<br><br>AFFIRMED |

## BILL H. WALMSLEY, Judge

Appellant Anthony Lee Chatfield appeals from a Pulaski County jury's verdict convicting him of robbery and third-degree battery, for which he was sentenced to thirty years' imprisonment. Chatfield argues that the trial court erred in admitting double hearsay.[1] We affirm.

In March 2012, Candace Cole was getting into her vehicle when her purse was grabbed from behind. Cole was dragged several feet and sustained minor injuries as a result. Cole called 911 but, because she was "in so much shock" and "overwhelmed," she could remember only a portion of the license-plate number on the assailant's vehicle. An unidentified woman, who had come to Cole's aid, told her the remainder of the license-plate number, which Cole then relayed to the 911 operator. Cole provided a description of the

---

[1] Double hearsay, or hearsay within hearsay, is not admissible under Arkansas Rule of Evidence 805. *See Cook v. State*, 350 Ark. 398, 86 S.W.3d 916 (2002).

suspect and told authorities that the man was driving a black Pontiac or Chevrolet sport-utility vehicle. A few days later, Cole was presented with a photographic lineup, and she immediately identified Chatfield.

Shawn Reagan with the Little Rock Police Department testified that Cole had provided him with a license-plate number and description of the vehicle and that he also had received that information from the 911 operator. Before Reagan could read the license-plate number from his police report, defense counsel objected, arguing that Cole did not know the license-plate number herself and had simply repeated a number given to her by an unidentified woman who, along with the 911 operator, did not testify at trial. The prosecutor responded that the information was not offered for the truth of the matter asserted, but rather served as the basis for Reagan's actions in his investigation to determine the registered owner of the vehicle. The trial court overruled the objection, and Reagan resumed his testimony.

Reagan stated that, when he ran the information through the Arkansas Crime Information Center, he learned that the black SUV was registered to Lily Wilson, Chatfield's mother. Reagan went to Wilson's address, and she contacted Chatfield by telephone. Chatfield claimed to be at the car wash, and Reagan asked him to return to the residence in Wilson's vehicle. Chatfield told Reagan that he was "on his way"; however, he did not return to Wilson's home while Reagan was present. The following day, Reagan saw a black Pontiac Aztec at Wilson's residence. The SUV was dirty and had been backed into the yard. The license plate had been removed and thrown onto the vehicle's floorboard.

On appeal, Chatfield argues that the trial court erred in allowing Reagan's testimony

because the State sought to prove that the license-plate number was, in fact, registered to Chatfield's mother, which linked Chatfield to the vehicle and established his identity as the perpetrator. Chatfield maintains that the error was not harmless and that he was prejudiced by the ruling because the State needed to corroborate Cole's identification of him after defense counsel cast doubt on her identification during cross-examination.

The decision to admit or exclude evidence is within the sound discretion of the trial court, and we will not reverse a trial court's decision regarding the admission of evidence absent a manifest abuse of discretion. *Pace v. State*, 2010 Ark. App. 491, 375 S.W.3d 751. Specifically, we have stated that an appellate court will not reverse a trial court's ruling on a hearsay question, unless the appellant can demonstrate an abuse of discretion. *Id.* An abuse of discretion is a high threshold that does not simply require error in the circuit court's decision, but requires that the trial court acted improvidently, thoughtlessly, or without due consideration. *Id.* Moreover, an appellate court will not reverse a trial court's evidentiary ruling absent a showing of prejudice. *Barron-Gonzalez v. State*, 2013 Ark. App. 120, 426 S.W.3d 508.

Our supreme court has held that testimony introduced to explain an officer's actions in pursuing and apprehending a suspect is not hearsay. *Dixon v. State*, 2011 Ark. 450, 385 S.W.3d 164. Such statements are admissible to show that the statements were made, as opposed to showing the truth of the matter asserted. *Id.* While the license-plate number *could* be admissible to show why Reagan went to the address of Lily Wilson, we agree with Chatfield that the State sought to bolster Cole's identification by proving that the license-plate

3

number matched the black SUV belonging to Chatfield's mother. In other words, it was offered for the truth of the matter asserted, and therefore the trial court abused its discretion in admitting hearsay.

Arkansas Rule of Evidence 105 provides that, when evidence is admissible for one purpose but not another, it is up to the objecting party to request a limiting instruction from the trial court. Chatfield could have, but did not, request that the trial court instruct the jury that the license-plate number could not be considered for the truth of the matter asserted and that it could be considered only for the purpose of explaining the actions taken by Reagan in his investigation. An objection is "wholly unavailing" unless the objecting party asks the court to limit the evidence to its admissible purpose. *Kennedy v. State*, 71 Ark. App. 171, 27 S.W.3d 467 (2000) (citing *Chisum v. State*, 273 Ark. 1, 616 S.W.2d 728 (1981)). Because Chatfield failed to seek a limiting instruction, we conclude that there was no reversible error.

In any event, evidence that is merely cumulative or repetitious of other evidence admitted without objection is not prejudicial. *Wingfield v. State*, 363 Ark. 380, 214 S.W.3d 843 (2005). Detective Barry Flannery with the Little Rock Police Department testified without objection that Cole had provided Reagan with the license-plate number of the SUV and that, from that information, Reagan obtained the name and address of Chatfield's mother. Chatfield raised no objection to Flannery's testimony, and, as a result, the same information came into evidence from the very same source. Accordingly, for the reasons stated herein, we hold that, although the trial court abused its discretion in admitting hearsay, the error was harmless, and Chatfield has failed to show prejudice from the ruling. Accordingly, we affirm

Chatfield's convictions.

Affirmed.

PITTMAN and VAUGHT, JJ., agree.

*William R. Simpson*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Eileen W. Harrison*, Ass't Att'y Gen., for appellee.